December 6, 2011



# JUDGMENT

## The Fourteenth Court of Appeals

SHARON SWANK BACKHUS, BENJAMIN F. SWANK, III, SHANNON LEA
WERCHAN PICKERING, SWANK TURNER BACKHUS, BENJAMIN FONTAINE
SWANK, IV, CHRISTIAN HARRIS SWANK, AND SUZANNE SWANK PORTER,
Appellants

NO. 14-09-00024-CV                  V.

HAVEN LYN WERCHAN WISNOSKI AND SHANE ALAN WERCHAN, Appellees
_____

This cause, an appeal from the judgment signed September 18, 2009, was heard on the transcript of the record. We have inspected the record and find the trial court erred in its reformation of the second paragraph of the Property paragraph and the Reservations from Conveyance paragraph in the Partition Deed of Undivided Life Estates executed by Benjamin F. Swank, III a/k/a B.F. Swank, III on August 5, 2008 and in the Partition Deed of Undivided Life Estates executed by Sharon Swank Backhus f/k/a Sharon Swank on August 7, 2008.

We therefore **REFORM** the judgment of the court below to order that the reformation of the second paragraph of the Property paragraph in the Partition Deed of Undivided Life Estates executed by Benjamin F. Swank, III a/k/a B.F. Swank, III on August 5, 2008 and in the Partition Deed of Undivided Life Estates executed by Sharon Swank Backhus f/k/a Sharon Swank on August 7, 2008 state as follows:

> Grantee shall have the complete power without the joinder of any person to lease and let the property, including the right to execute and deliver oil, gas,

and mineral leases for any term of years ending either before or after Grantee's death; however, no lease executed by Grantee shall provide for a royalty of less than three sixteenths (3/16) of the value of oil, gas and other minerals covered by such lease(s).

We further **REFORM** the judgment of the court below to reinstate the Reservations from Conveyance paragraph in the Partition Deed of Undivided Life Estates executed by Benjamin F. Swank, III a/k/a B.F. Swank, III on August 5, 2008 and in the Partition Deed of Undivided Life Estates executed by Sharon Swank Backhus f/k/a Sharon Swank on August 7, 2008, but order that the Reservations from Conveyance paragraphs state as follows:

> For Grantor, a reservation of all oil, gas and other minerals in and under and that may be produced from the Property. If the mineral estate is subject to existing production or an existing lease, this reservation includes the production, the lease, and all benefits from it.

We order the judgment of the court below **AFFIRMED** except as modified in this judgment.

We order appellants, Sharon Swank Backhus, Benjamin F. Swank, III, Shannon Lea Werchan Pickering, Swank Turner Backhus, Benjamin Fontaine Swank IV, Christian Harris Swank, and Suzanne Swank Porter, jointly and severally, to pay all costs incurred in this appeal. We further order this decision certified below for observance.

2